[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11213
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 17, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00529-CV-4-SPM-WCS

ALEX M. CORDERO,

Plaintiff-Appellant
Cross-Appellee,

versus

STATE OF FLORIDA DEPARTMENT OF ENVIRONMENTAL
PROTECTION,

Defendant-Appellee
Cross-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

(November 17, 2008)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Alex Cordero appeals the summary judgment in favor of his former employer, the Florida Department of Environmental Protection, and against his complaint of discrimination and retaliation in violation of the Americans with Disabilities Act. 42 U.S.C. §§ 12101–12213. The Department cross-appeals and argues that Cordero is not disabled. We affirm the summary judgment and dismiss the cross-appeal.

The Americans with Disabilities Act provides that no covered employer "shall discriminate against a qualified individual with a disability because of the disability of such individual" in any of the "terms, conditions, [or] privileges of employment." 42 U.S.C. § 12112(a). To establish a prima facie case of employment discrimination under the Act, a plaintiff must prove that he is a qualified individual with a disability who suffered discrimination based on his disability. Rossbach v. City of Miami, 371 F.3d 1354, 1356–57 (11th Cir. 2004). We review summary judgment of an action under the Act de novo, view the facts in the light most favorable to the non-moving party, and draw all inferences in his favor. Greenberg v. BellSouth Telecommunications, Inc., 498 F.3d 1258, 1263 (11th Cir. 2007).

Cordero failed to establish a prima facie case of discrimination based on his morbid obesity. Cordero contends that his supervisor, Danny Riley, harbored

2

discriminatory animus toward him as evidenced by harassing him about his weight and recommending to Katherine Andrews that she terminate Cordero, but Cordero failed to present evidence of a causal link between Riley's alleged discrimination and Andrew's later decision to terminate Cordero. The record establishes that, after Riley had been terminated, Andrews terminated Cordero based on her personal knowledge of and dissatisfaction with Cordero's performance. Because Andrews made an independent decision to terminate Cordero, the alleged animus of Riley cannot be imputed to Andrews. See Pennington v. City of Huntsville, 261 F.3d 1262, 1270 (11th Cir. 2001). Andrews also was not required to investigate the possibility of discriminatory animus when Cordero never mentioned to Andrews or any coworker that Riley discriminated against Cordero because of his weight. See Llampallas v. Mini-Circuits, Lab, Inc., 163 F.3d 1236, 1250 (11th Cir. 1998).

Even if Cordero had established a prima facie case of discrimination, he failed to prove that the legitimate reasons proffered for his termination were pretextual. The Department presented evidence that Cordero was terminated for failing to comply with a corrective action plan instituted after he missed several deadlines and submitted deficient work. Cordero argues that the Department failed to adhere to its policy of thirty-day performance improvement plans and singled

3

him out for additional writing responsibilities, but these arguments do not establish that the reasons for Cordero's termination were pretextual. See Chapman v. AI Transp., 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc) ("Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it."). "We are not in the business of adjudging whether employment decisions are prudent or fair. Instead, our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision." Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1361 (11th Cir. 1999). Cordero failed to present evidence that would create a genuine issue of material fact about whether the reasons for his termination were discriminatory or unworthy of credence. Combs v. Plantation Patterns, 106 F.3d 1519, 1538 (11th Cir. 1997).

The summary judgment in favor of the Department is **AFFIRMED**, and its cross-appeal is **DISMISSED**.